IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN C. CLOWER, KAY HENDRICKSON CLEVENGER, NANCY HENDRICKSON STALEY, and BILL HENDRICKSON, JR., Individually and on behalf of all other persons similarly situated (THE CLASS) Plaintiffs, | § § § § § § § § § § § § | CIVIL ACTION NO. 2:07-CV-510 (TJW) |
| v. | | |
| WELLS FARGO BANK, N.A., Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Reconsideration of Order Granting Plaintiffs' First Supplemental Motion for Class Certification (Dkt. No. 72) and related briefing. Wells Fargo requests the Court to reconsider its March 30, 2009 order certifying a class in this case. After carefully considering the parties' arguments and the applicable case law, the Court DENIES defendant's motion for reasons discussed below. The Court also DENIES Wells Fargo's Motion to Stay Discovery in this case pending resolution of Wells Fargo's motion to dismiss and motion for reconsideration (Dkt. No. 73).

**I.  Discussion**

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co. Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A motion to reconsider based on recycled

1

arguments only serves to waste the resources of the court." *Id*. (citing *State v. Sprint Comm. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)).

Defendant Wells Fargo argues that this court improperly found that the plaintiffs had established their burden on the requirements of Federal Rule of Civil Procedure 23. Specifically, Wells Fargo argues that common issues do not predominate this case due to all of the unique, fact-intensive issues that must be resolved as to each class member. Wells Fargo contends that a class action will not be superior to other alternative procedures available to the Court in this case. Defendant also argues that the class definition adopted by this Court is too general, and this Court's opt-out solution will not resolve that defect. Wells Fargo further argues that the plaintiffs will not adequately represent the class because most of the beneficiaries that would fall under the Court's definition of the class will not want Wells Fargo removed as trustee. Defendant points the Court to its earlier decision in *Broadhead Limited Partnership v. Goldman, Sachs & Co.*, to argue that this Court has denied certification in what it claims is "a case with very similar issues." No. 2:06-cv-009, 2008 WL 920308 (E.D. Tex. Mar. 31, 2008). The Court finds that all of these are "recycled arguments" that the Court has already reviewed and rejected in its order[1] (Dkt. No. 70). The Court will, however, readdress each of these arguments briefly.

Wells Fargo reargues that class certification is inappropriate because there will have to be an individual "mini-trial" for each class participant. In support of its argument, Wells Fargo details out this Court's recent decision in *Broadhead*. In *Broadhead*, the Court had already determined that the plaintiff's state law claims were barred, and the Court's inquiry on plaintiff's motion for class certification was restricted to whether the plaintiff's Investment Advisers Act

("IAA") claim should be certified. *Id*. at *1. The Court found that that the IAA specifically entitled a plaintiff who prevails on an IAA claim to rescind the contract and obtain a refund of fees paid thereunder less the value of the services conferred by the defendant adviser. *Id*. at *4-5 (citing *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979)). The Court found that the restitution to be paid to the adviser for services rendered would vary from plaintiff to plaintiff, and individualized questions of remedy would arise in each case predominating over the common questions applicable to the class. *See id.* (citing *Bell Atlantic Corp. v. AT & T Corp.*, 339 F.3d 294, 307 (5th Cir. 2003)) ("Where the issue of damages does not lend itself to mechanical calculation but requires 'separate mini-trials' of an overwhelmingly large number of individual claims, the need to calculate individual damages will defeat predominance.").

Wells Fargo contends that the Court failed to follow the precedent it set in *Broadhead*. It too, Wells Fargo argues, would be entitled to restitution if the plaintiffs succeed in proving liability against it. Wells Fargo argues that equitable considerations such as *quantum meruit* or unjust enrichment may allow an offset for the work done by Wells Fargo on the trusts at issue. *See* Dfdnt's Reply, at 3 (citing *Burrow v. Arce*, 997 S.W. 2d 229, 241 (Tex. 1999) and *Excess Underwriters v. Frank's Casing Crew*, 246 S.W.3d 42, 49 (Tex. 2008)). Wells Fargo argues that this would be an individualized determination for each trust, thereby creating "hundreds of mini-trials" to evaluate Wells Fargo's conduct on each of the trusts at issue. The Court disagrees. Plaintiffs contend that because Wells Fargo was never a de jure trustee, it is not entitled to any equitable relief under the cited Texas law, and that where it is entitled to any relief, it is faced with a heavy burden of proving such entitlement in face of plaintiff's alleged constructive fraud

---

[1] The Court notes that it held a hearing on plaintiff's motion for class certification and the parties presented each of

by a fiduciary claim. The Court finds it unnecessary to decide the issue at this time. However, the Court finds that, unlike in *Broadhead*, Wells Fargo has no clear entitlement to statutory relief that would pose a severe complexity to the Court in the determination of relief to be granted in this case. Even if the defendant is entitled to restitution, it is likely that Wells Fargo has detailed information about the effort expended on each of these trusts.[2] The Court, therefore, finds that determination of damages here does lend itself to a "mechanical calculation," and although damages may be vastly different between the class members, that alone cannot defeat class certification. *See Bell Atlantic Corp.*, 339 F.3d at 306-07 (citing *Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791, 798 (10th Cir. 1970)) ("Even wide disparity among class members as to the amount of damages suffered does not necessarily mean that class certification is inappropriate."); *see also Arreola v. Godinez*, 546 F.3d 788, 801 (7th Cir. 2008) ("Although the extent of each class member's personal damages might vary, district judges can devise solutions to address that problem if there are substantial common issues that outweigh the single variable of damages amounts."); *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007) ("[t]here are a number of management tools available to a district court to address any individualized damages issues" quoting *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 141 (2d Cir. 2001)); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (finding it appropriate to certify a class where "class members may possess slightly differing remedies based on state statute or common law"); *In re School Asbestos Litigation*, 789 F.2d 996, 1010 (3d Cir. 1986) ("nor is it a disqualification that damages must be assessed on an individual

---

these arguments to the Court.

4

basis."); *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment."); *Stoffels v. SBC Communications, Inc.*, 238 F.R.D. 446, 458-59 (W.D. Tex. 2006) (noting that "relatively complex individual determinations are commonplace in the class action context").

There are other differences between this case and *Broadhead*. 2008 WL 920308. In *Broadhead*, the plaintiff's claim revolved around express investment advisory agreements entered into by the proposed class members with defendant Goldman Sachs. *Id.* at *1. Here, the very legitimacy of Wells Fargo's authority in managing these trusts is at issue. Plaintiffs allege that Wells Fargo has never sought or gained permission from any class member and has never entered into any agreements with them. In *Broadhead*, the plaintiff had offered evidence that the proposed class could possibly include 9,552 fee-based advisory accounts that existed at Goldman Sachs. *Id.* at *3. By Wells Fargo's own admission, there can be no more than 85 trusts at issue in this case. *See* Deft's Response to Pltfs' Motion to Certify Class, Dkt. No. 39, at 11. Therefore, there is no danger of "an overwhelmingly large number of individual claims" in this case. *Bell Atlantic Corp.*, 339 F.3d at 307. Furthermore, the plaintiffs in this case are also seeking declaratory and injunctive relief that the Court allow removal of Wells Fargo as trustee of the trusts at issue. The Court finds that the facts presented in the present case are sufficiently different from those in *Broadhead* to allow a class certification here.

Wells Fargo also warns that if the class is successful and a final determination is made that Wells Fargo is not an authorized trustee, it will immediately stop overseeing the trust assets

---

[2] Plaintiffs point out that Wells Fargo employs a highly computerized system to calculate and pay itself fees based on a published fee schedule. Given Wells Fargo's system, Plaintiffs contend that there will be several easily-administered damages options available to the Court. *See* Plntfs' Response, at 9.

5

and transfer them into the registry of the Court, thereby leaving these trusts that include assets such as real estate, business interests, stocks, bonds, and mutual funds, without a functional trustee. In the current economic climate, Wells Fargo cautions, this would guarantee a detriment to the corpus of these trusts. Wells Fargo contends that this Court would then have no authority to order it to continue to administer the trusts, and doing so would constitute "involuntary servitude."[3] *See* Dfdnt's Sur-Reply, at 5 (citing U. S. CONST. amend. XIII and *United States v. Kozminski*, 487 U.S. 931,952 (1988) (defining "involuntary servitude" in a criminal case involving coercion of two mentally retarded men into laboring on a dairy farm in poor health, in squalid conditions, and in relative isolation from the rest of society)). The Court is of the opinion that appointing an interim trustee for these trusts is not as difficult a task as Wells Fargo contends. Moreover, by Wells Fargo's own contention, the "overwhelming majority" of the beneficiaries of the trusts at issue are pleased with Wells Fargo's performance as trustee and do not want Wells Fargo removed. As noted in its earlier order, this Court does not intend to impose relief on such beneficiaries. As for multi-beneficiary trusts, this Court has made it clear that any remedy that it may tailor for such plaintiffs would be within the bounds of the Texas Trust Code.

As stated in its order, the Court refuses to be dissuaded by the drastic consequences that Wells Fargo envisions in the event the plaintiffs are successful in proving liability against it in

---

[3] The Court notes that Wells Fargo is not the named trustee on any of these trusts. Plaintiffs contend that Wells Fargo was not even doing business in Texas when any of these trusts were written. Plaintiffs allege that Wells Fargo has never gone to court to ask to be appointed as a trustee of any of the trusts in issue that it now administers. Yet, plaintiffs allege, Wells Fargo has profited and benefitted by collection of trustee fees from these trusts for several years. Plaintiffs further allege even where a beneficiary challenges Wells Fargo's status as a trustee, Wells Fargo pays its attorneys to defend such challenges from the corpus or benefits of the trust at issue. The Court is not persuaded that Wells Fargo would be as eager as it states in its briefs to give up administration of these trusts.

6

this case. This Court regularly presides over complex litigation. Wells Fargo's concern over the potential complexity of remedies does not suffice to outweigh the advantages of allowing this case to proceed as a class action.

Further, the Court finds no merit to Wells Fargo's argument that the Court's class definition is imprecise. Wells Fargo contends that the Court's proposal to employ an opt-in method demonstrates a faulty class definition. Wells Fargo misconstrues the intent behind Court's proposition. In its order, the Court stated that an opt-in method would only be useful at the remedy stage of this case. The Court found no ambiguity as to the membership of the class proposed by the plaintiffs. The Court, therefore, adopted the definition as being adequate. *See John v. National Sec. Fire & Cas. Co.*, 501 F.3d 443, 445, n. 3 (5th Cir. 2007) ("It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable" quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)).

Finally, Wells Fargo argues that the named plaintiffs will not adequately represent the class. Wells Fargo once again points to the satisfied beneficiaries as having a conflict of interest with the named plaintiffs. *See* Dfdnt's Mtn, at 10 (citing *Broadhead*, 2008 WL 920308). The Court briefly notes that in *Broadhead*, the Court found that an inter-class conflict existed between former and current clients of the defendant. *Id*. at *3. Such is not the case here.

## II.   Conclusion

The Court finds no reason to reconsider its earlier decision. Wells Fargo's Motion for Reconsideration of Order Granting Plaintiffs' First Supplemental Motion for Class Certification is DENIED. Wells Fargo's Motion to Stay Discovery is also DENIED. The parties are ordered

to proceed with discovery without further delay. The Court hereby sets a scheduling conference in this case on August 14, 2009 at 9:00 am to decide a schedule advancing this case towards trial.

SIGNED this 5th day of August, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE