IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN C. CLOWER, KAY HENDRICKSON CLEVENGER, NANCY HENDRICKSON STALEY, and BILL HENDRICKSON, JR., Individually and on behalf of all other persons similarly situated (THE CLASS) Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 2:07-CV-510 (TJW) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. No. 62). Having considered the parties' briefs and applicable law, the Court GRANTS Wells Fargo's motion.

### I. BACKGROUND

Named plaintiffs John C. Clower and Kay Hendrickson Clevenger sue on their own behalf and on behalf of a class of people who are either grantors or beneficiaries with property interests in trusts presently administered by Wells Fargo. The trusts were previously administered by First Mercantile Bank of Dallas in its own name or as MCorp, MBank, or MTrust, ("MCorp").

The Clower and Hendrickson trust instruments and agreements named the First-Wichita National Bank of Wichita Falls, Wichita Falls, Texas ("FWNB") as trustee. In 1984, MCorp acquired twenty-six banks ("the Texas Banks"), including First-Wichita National Bank. MCorp's acquisition in 1984 resulted in transfer of the trusts from the Texas Banks to MCorp.

1

Plaintiffs allege that this transfer of the trusts was unlawful. In 1989, MCorp became insolvent and transferred the trusts to Ameritrust. Plaintiffs allege that MCorp transferred the trusts without approval. Ameritrust completed its acquisition of the trusts in 1993.[1] Wells Fargo came into possession of the trusts following a bank consolidation in 2000.[2]

Plaintiffs assert that Wells Fargo, not having been named as trustee in any of trust instruments and agreements at issue, is acting without authority. Wells Fargo asserts that the governing federal and state banking laws expressly allowed the trust powers in these trusts to pass to Wells Fargo through a common sequence of sales and acquisitions.

Under Rule 12(b)(6), Wells Fargo seeks to dismiss Plaintiffs' entire amended complaint as time-barred. Wells Fargo also seeks to dismiss Plaintiffs' claims for constructive fraud and "no privity of contract/trespass to title" as failing to state a claim for which relief could be granted.

## II. DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2008). A court cannot require heightened fact pleading, but a complaint must state enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. The complaint is construed in favor of the plaintiff, and all facts pleaded in the complaint are accepted as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(6) "'is viewed with disfavor and is rarely granted.'" *Collins v.*

---

[1] This acquisition by Ameritrust was the subject of litigation in 1992. A probate court entered a settlement agreement between Ameritrust and another institution regarding the transfer of the trusts, which the Dallas appellate court affirmed in 1993.

[2] This consolidation involved the successor to Ameritrust, Norwest Bank Texas, which acquired the trusts in 1995.

*Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). However, a plaintiff is obligated to provide the grounds of his claim with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### A. Plaintiffs' Claim for "No Privity of Contract/Trespass to Title"

Count VI of Plaintiffs' First Amended Complaint alleges that "there is no valid privity of contract between Defendant Wells Fargo and the Plaintiffs' trusts that would entitle Wells Fargo to have title to the trust properties, and that there is ongoing trespass to title to all realty that may be included in Plaintiff's trusts, for which Plaintiffs are entitled to injunctive and other relief." Plaintiff's First Amended Complaint, p. 18 (Dkt. No. 56). The Court agrees with Wells Fargo that Texas law does not support a cause of action for "no privity of contract/trespass to title." Even if Plaintiffs were attempting to maintain a "trespass to try title" action, Plaintiffs have alleged no facts to support any such claim.[3] Accordingly, Count VI of Plaintiffs First Amended Complaint is dismissed. Should Plaintiffs intend to allege a claim for trespass-to-try-title, they are granted leave to do so.

### B. Plaintiffs Claim for Conversion

Count VII of Plaintiffs' First Amended complaint alleges conversion. "Conversion is established by proving that: (1) plaintiff owned, had legal possession of, or was entitled to possession of the property, (2) defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with

---

[3] A trespass-to-try-title is an action to determine title to real property. *See* Tex. Prop. Code Ann. § 22.001. In order to obtain a judgment in a trespass-to-try-title action, the plaintiff must usually do one of the following: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex.2004).

plaintiff's rights, and (3) defendant refused plaintiff's demand for return of the property." *Russell v. American Real Estate Corp.*, 89 S.W.3d 204, 210 (Tex.App.-Corpus Christi 2002). Under Texas law, the statute of limitations for conversion is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). A statute of limitations defense "may serve as a proper ground for dismissal under Federal Rule of Civil Procedure 12(b)(6) . . . but only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983) (citing *Cross v. Lucius*, 713 F.2d 153, 156 (5th Cir. 1983)). Although Plaintiffs' have a number of legal theories through which they might assert their conversion claims against Wells Fargo, none will entitle them to relief because the claims have expired.

"In cases of conversion, the statute of limitations generally begins to run at the time of the unlawful taking . . . . In certain cases, however, the 'discovery rule' defers the accrual of a cause of action until the plaintiff discovers or, in the exercise of reasonable diligence, should discover the 'nature of his injury.'" *Burns v. Rochon*, 190 S.W.3d 263, 271 (Tex.App.-Houston 2006) (internal citations omitted). Plaintiffs argue that the discovery rule applies in this case. The Court disagrees. This discovery rule is appropriate for conversion cases where possession is initially lawful and the cause of action accrues "'upon demand and refusal, or discovery of facts supporting the cause of action, whichever occurs first.'" *See id* (quoting *Hofland v. Elgin-Butler Brick Co.*, 834 S.W.2d 409, 414 (Tex.App.-Corpus Christi 1992, no writ)). Therefore, whether Wells Fargo must prove that Plaintiffs knew or should have known about the allegedly unlawful possession of the trusts turns on whether that possession was initially lawful. Under Plaintiffs allegations, each transfer of the trusts was unlawful, and the initial possession by Wells Fargo

4

would necessarily have been unlawful.

Plaintiffs have not alleged facts that could plausibly support a theory of conversion occurring on or after November 20, 2005. Plaintiffs appear to allege that the trust principals were converted in 1984 with the sale of the trusts to MCorp in 1984. Under such a theory, and consistent with Plaintiffs' pleadings, the initial possession by MCorp of the trust principal was unlawful and therefore not entitled to the discovery rule. *See* First Amended Complaint, paras. 9-14 (discussing the "legal problems" with the initial transfer of the trusts to MCorp). Thus Plaintiffs' cause of action, under this legal theory, would have accrued in 1984 when MCorp took possession of the trusts from FWNB and would have expired in 1986.

Plaintiffs also appear to allege that Wells Fargo converted the trusts when it acquired them from the bank consolidation in 2000. Plaintiffs allege that this possession was initially unlawful. *See* Plaintiffs' First Amended Complaint, para. 24 ("Plaintiffs therefore allege that each transfer of trustee appointments was void as a matter of law . . . ."); para. 25 ("[nothing was] ever done by Wells Fargo itself later to accomplish any retrospective curative measure to provide due process"); para. 26 ("although Defendant Wells Fargo is now currently and presumptively acting as the *de facto* trustee of [the trusts], Defendant Wells Fargo is not at all the *de jure* legal trustee of the Plaintiffs' trusts"); para. 31 ("each attempted transfer of fiduciary authority without requisite court appointment or due process of law was void *ab initio*, and the putative trustee, Wells Fargo, could have acquired no greater title from its earlier predecessors than that predecessor had to convey"). Again, the discovery rule does not apply and a claim for conversion relying on transfer of the trusts to Wells Fargo would have expired in 2002. There have been no subsequent transfers of the trusts. Plaintiffs' claim of conversion is untimely on its

face. Therefore, Count VII of Plaintiff's First Amended Complaint is dismissed.

### C. Plaintiffs' Claim for Constructive Fraud

Count V of Plaintiffs' First Amended Complaint alleges "constructive fraud by a fiduciary." Under Texas law, "[c]onstructive fraud 'encompasses those breaches that the law condemns as 'fraudulent' merely because they *tend* to deceive others, violate confidences, or cause injury to public interests, the actor's mental state being immaterial." *In re Estate of Kuykendall*, 206 S.W.3d 766 (Tex.App.-Texarkana 2006) (quoting *Chien v. Chen*, 759 S.W.2d 484, 495 (Tex.App.-Austin 1988, no writ). Put another way, "[c]onstructive fraud is the breach of a legal or equitable duty which the law declares fraudulent because it violates a fiduciary relationship." *Jean v. Tyson-Jean*, 118 S.W.3d 1, 9 (Tex.App.-Houston 2003).

To establish constructive fraud, Plaintiffs must prove the breach of a fiduciary duty. The elements of a breach of a fiduciary duty are: "(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App.-Dallas 2006).

Plaintiffs misstate the operation of statutes of limitations. Plaintiffs argue that:

> "'Constructive Fraud by a Fiduciary' is also a tort, but it is even more. It is a tort that is also in the form of a legal doctrine that recognizes that transactions by a fiduciary affecting a beneficiary are never at arm's length, and it therefore reverses the burden of proof of ordinary Constructive Fraud. When that happens, it necessarily follows that the statute of limitations related to the burden of proof is not applicable to the plaintiffs as to those issues that are not part of the plaintiffs' burden of proof."

(Dkt. No. 63, p. 3-4) The Court cannot agree with Plaintiffs' legal assessment. The statute of limitations for a breach of fiduciary duty claim begins to run when claimant "knew or should have known of facts that in the exercise of reasonable diligence would have led to the discovery

of the wrongful act." *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997). It is Defendant's burden to establish the affirmative defense of limitations, which includes the accrual date of the cause of action. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). This is Defendant's burden irrespective of the plaintiff's claims.

The Court is of the opinion that Plaintiffs' constructive fraud claim cannot be dismissed as untimely because the statute of limitations defense presents fact issues that make a Rule 12(b)(6) dismissal inappropriate. *See Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983). As currently pled, however, Plaintiffs nonetheless fail to state a claim for which relief can be granted. Plaintiffs' complaint fails to allege sufficient facts that would support a claim that Wells Fargo breached a fiduciary duty to the beneficiaries of the trusts it acquired by succession from the Texas banks. Plaintiffs' First Amended Complaint currently fails to state a claim for which relief might be granted, but the Court grants leave to Plaintiffs to cure any defects in its constructive fraud claim. The Court encourages Plaintiffs to be mindful of Federal Rules of Civil Procedure 8(a)(2) and 8(d)(1) should they choose to amend their complaint.

### III. CONCLUSION

The Court GRANTS Wells Fargo's Motion to Dismiss Plaintiffs' First Amended Complaint. Plaintiffs' fail to identify a legally cognizable cause of action for "no privity of contract/trespass to title," Plaintiffs' claims for conversion are untimely, and Plaintiffs' have not alleged facts that would support a plausible claim for constructive fraud. Plaintiffs are GRANTED leave to amend their complaint within fourteen days to cure their allegations.

It is so ORDERED.

SIGNED this 22nd day of September, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE