IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN C. CLOWER, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-cv-510-JRG |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for New Trial (Dkt. No. 165.)  Having considered the parties' written submissions, the Court DENIES the Motion.

**I.      Factual Background and Procedural Posture**

On October 6, 2010, the above-titled and numbered civil action was referred by now-retired District Judge T. John Ward to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636.  In this case, the named plaintiffs filed suit on their own behalf and behalf of a class of people who are present beneficiaries of Texas trusts that were created in the time frame of 1966 to 1972.  Plaintiffs allege constructive fraud by means of a breach of fiduciary duty by Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo"), who presently administered the trusts.

When the trusts of the potential class members were created approximately forty years ago, First Wichita National Bank of Wichita Falls was named as trustee.  In 1984, First Mercantile Bank of Dallas ("MCorp") acquired First Wichita in an acquisition of approximately twenty-six banks.  One of MCorp's first steps was to transfer all the trusts it acquired to MBank, although MBank was allegedly not a chartered trust company.  Then, on January 1, 1998, MBank

transferred the administration of the trusts to a trust company-type subsidiary, named MTrust. MCorp failed in 1989. Before the FDIC takeover that resulted from the failure, however, MCorp sold MTrust to Ameritrust. Since then, the trusts have had several changes in the trustee and Well Fargo eventually became the trustee in 2000.

Plaintiffs argue that Wells Fargo, not having been named a trustee in any of the trust instruments or agreements at issue, is acting without authority and is liable for constructive fraud due to breach of fiduciary duty. Plaintiffs maintain that Well Fargo and/or the previous trustees in the chain of title breached their fiduciary duty of loyalty because they do not have legal standing to act as trustee while still collecting fees. Additionally, because Plaintiffs allege that Wells Fargo (and/or the previous trustees) did not follow the proper procedures to be named trustee of the trusts, Plaintiffs argue that Wells Fargo should be removed as trustee.

Wells Fargo moved for summary judgment on February 7, 2011 (Dkt. No. 139), and the report of the Magistrate Judge (Dkt. No. 161) recommended that the Court grant Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment. (Dkt. No. 139.) Plaintiffs filed timely objections to the report. (Dkt. No. 162.) On September 30, 2011, the same day he retired from the bench, Judge Ward adopted in large part the Magistrate Judge's recommendation and granted summary judgment in favor of Well Fargo. (Dkt. No. 164.)

Less than one month later, on October 27, 2011, Plaintiffs filed the present Motion for a New Trial (the "Motion"). (Dkt. No. 166.) Plaintiffs' Motion argues three theories, each having been repeatedly urged in the past: (1) that the nature of post-substitution actions of the bank are irrelevant; (2) that evidence is sufficient to support a finding that no notice was sent; and (3) evidence is sufficient to support a finding that the bank intentionally withheld notice or intentionally sent defective notice. (Dkt. No. 165.)

## II. Legal Standard

Although styled a "Motion for New Trial," Plaintiffs' Motion is actually a motion to reconsider. *See Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744 (5th Cir. 2006); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment."); *see also Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) ("Any motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label.").

A motion under Federal Rule of Civil Procedure 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an "extraordinary" remedy that courts should use "sparingly." *See Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## III. Analysis and Conclusion

Plaintiffs' Motion contains no new evidence and identifies no manifest errors of law or fact. Each of the arguments in Plaintiffs' Motion now before the Court has been briefed, argued, and rejected by both Magistrate Judge Everingham and District Judge Ward. The Movant has wholly failed to meet the standard of review to grant their motion to reconsider. Therefore, in light of the above-described standard of review under Rule 59(e), and after carefully considering the parties' written submissions, the Court **DENIES** Plaintiffs' Motion in all respects.

**So ORDERED and SIGNED this 7th day of March, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE